**MARIAH RE LIMITED (In Liquidation), acting by and through Geoffrey VARGA and Jess Shakespeare, in their capacities as Liquidators thereof, Plaintiff–Appellant,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, ISO Services, Incorporated, Air Worldwide Corporation, Defendants–Appellees.**

No. 14–4062–cv.

United States Court of Appeals, Second Circuit.

June 30, 2015.

Jonathan D. Cogan, Kobre & Kim, LLP, New York, NY, for Plaintiff–Appellant Mariah Re Ltd.

Robert A. Kole, (Jean–Paul Jaillet, Choate, Hall & Stewart, David S. Douglas and Adam M. Felsenstein, Gallet Dreyer & Berkey, LLP, on the brief), Choate, Hall & Stewart, Boston, MA., for Defendant–Appellee Am. Family Mutual Ins. Co.

Joel M. Cohen (Matthew B. Rowland, on the brief), Davis Polk & Wardwell LLP, New York, NY, for Defendants–Appellees ISO Servs., Inc. and Air Worldwide Corp.

Present: RALPH K. WINTER, CHESTER J. STRAUB, SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Mariah Re Ltd. ("Mariah") appeals from Judge Sullivan's dismissal of its claims against American Family Mutual Insurance Co. ("American Family"), ISO Services, Inc. ("PCS"), and AIR Worldwide Corporation ("AIR").

Mariah is a special purpose entity created to provide reinsurance amounts to American Family in the event of severe storms in various geographical areas. The amounts owed to American Family by Mariah were not geared to losses actually insured by American Family but rather to a formula dealing with severe weather events in designated areas. Mariah contracted with PCS, a preexisting entity that monitors severe weather events, for a subscription to PCS's databases and associated bulletins. Under Mariah's contract with AIR, AIR was to calculate the amount Mariah owed American Family under the reinsurance contract using data that PCS had compiled on a given storm. Following a particularly catastrophic storm in the Midwest in April 2011, AIR applied the predetermined calculations to data from PCS's catastrophe bulletin and determined that Mariah was liable for the full amount of the reinsurance policy. American Family collected the amount from an escrow agent pursuant to its contract with Mariah. Based principally on addenda issued by PCS, Mariah sued the various appellees, claiming breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, conversion, and tortious interference with contract. The district court granted appellees' Fed.R.Civ.P. 12(b)(6) motion to dismiss.

We **AFFIRM** the judgment of the district court for substantially the reasons stated by Judge Sullivan in his opinion of September 30, 2014.